RICHARD R. PATCH (State Bar No. 88049)
CLIFFORD E. YIN (State Bar No. 173159)
LAURA SEEGAL (State Bar No. 307344)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:    ef-rrp@cpdb.com
          ef-cey@cpdb.com
          ef-lrs@cpdb.com

Attorneys for Defendant
DISH WIRELESS L.L.C., d/b/a BOOST MOBILE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP MICHNO, an individual, | Case No. 3:22-cv-00396 |
| Plaintiff, | **NOTICE OF REMOVAL OF DEFENDANT DISH WIRELESS L.L.C., D/B/A BOOST MOBILE** |
| v. | |
| DISH WIRELESS L.L.C., d/b/a BOOST MOBILE, COINBASE, INC., and DOES 1 to 10, inclusive, | Superior Court Case No. CGC-21-597230 |
| Defendants. | |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

Defendant DISH Wireless L.L.C. d/b/a/ Boost Mobile ("Defendant" or "DISH") files this notice of removal of this action from the San Francisco County Superior Court to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1332(a), 1337, 1441 and 1446.

## INTRODUCTION

1.  On or about December 20, 2021, Plaintiff Philip Michno ("Plaintiff" or "Michno") filed a complaint in the California Superior Court for the County of San Francisco, Case

No. CGC-21-597230 ("State Court Action").  A true and correct copy of Plaintiff's complaint in the State Court Action is attached hereto as **Exhibit A** ("Complaint").

2. On January 12, 2022, Defendant was personally served through its registered agent for service of process with copies of the Complaint, summons, and other case initiating documents filed in the State Court Action.  True and correct copies of all process, pleadings, and orders served upon Defendant are attached hereto **Exhibits A-D**.

3. Defendant has timely filed this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

4. Removal to this District is proper because this is the District that embraces the County in which Plaintiff filed the State Court Action.  28 U.S.C. § 1441(a).

5. **Jurisdiction**.  As explained below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1332(a), and 1337, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441.  The Complaint alleges a claim arising under the Federal Communications Act, 47 U.S.C. § 151 *et seq.* ("FCA"), and there is also diversity of citizenship among the parties.

6. In accordance with 28 U.S.C. §1446(d), Defendant is filing with the Superior Court and serving on Plaintiff a Notice of Filing of Removal of Action.  A true and correct copy of that notice is attached hereto as **Exhibit E**.

### I. PARTIES AND ALLEGATIONS IN THE COMPLAINT

7. As admitted in the Complaint, Plaintiff is an individual domiciled in Plainfield, Illinois.  **Exhibit A**, ¶ 8.

8. At the time the action was filed, and at the time of the filing of this notice, Defendant was and is a limited liability company organized and existing under the laws of Colorado with its principal place of business in Littleton, Colorado.  Declaration of Shannon Pichionne, **Exhibit F,** ¶ 3.  Defendant's sole member is DISH Wireless Holding LLC, a limited liability company organized and existing under the laws of Colorado with its principal place of business in Littleton, Colorado.  *Id.,* ¶ 4.  The sole member of DISH Wireless Holding LLC is DISH Network Corporation, a Nevada corporation with its principal place of business in

1  Englewood, Colorado. *Id.,* ¶ 5. DISH Network Corporation is headquartered in Englewood and
2  its officers are located there. *Id.*
3    9. Plaintiff alleges on information and belief that Defendant Coinbase, Inc.
4  ("Coinbase") is a corporation organized and existing under the laws of Delaware with its principal
5  place of business in San Francisco California. **Exhibit A**, ¶ 23.
6    10. In the Complaint, Plaintiff alleges as follows[1]: Defendant provided Plaintiff with
7  telephone services and was his cellphone provider at all times relevant to this action (*id.*, ¶ 14);
8  Plaintiff was a user of Coinbase's cryptocurrency trading platform and held an account with
9  Coinbase at the time of the incident giving rise to this action (*id.*, ¶¶ 8, 23); on or around May 25,
10 2021, a thief was able to steal Plaintiff's identity online, gain access to Plaintiff's Coinbase
11 account, and thereby irreversibly transfer $180,000 worth of Plaintiff's virtual cryptocurrency
12 assets utilizing Plaintiff's stolen identity and phone number (*id.*, ¶13); specifically, on some
13 unknown date prior to May 25, 2021, an unauthorized person contacted Defendant and posed as
14 Plaintiff to orchestrate a SIM swap (*id.*, ¶ 58); without properly verifying the person's
15 identification, a representative of Defendant transferred to the unauthorized person Plaintiff's
16 wireless number – disconnecting the telephone number from Plaintiff's wireless phone's SIM
17 Card and then connecting the telephone number to a SIM card under the control of the
18 unauthorized person (*id.*, ¶ 59); on or about May 25, 2021, Plaintiff noticed that his cell phone was
19 unable to connect to Defendant's cellular network and that he had been logged out from his
20 personal e-mail account, which was likewise stolen (*id.*, ¶¶ 60-61); when Plaintiff contacted
21 Defendant to discuss the problem with his service, he was informed that his SIM card had been
22 switched remotely by a representative of Defendant (*id.*, ¶ 62); Plaintiff also learned that his
23 cryptocurrency wallet and Coinbase account had been compromised following the unauthorized
24 SIM card swap, and that 3.17 Bitcoin, worth approximately $180,000, had been stolen from him
25 (*id.*, ¶¶ 1, 66, 68); Defendant and Coinbase were aware of the prevalence of such SIM swapping

---

[1] Any allegation recited by Defendant herein is not intended to be, and should not be construed to be, an admission of the truth of any allegation in the Complaint.

10188.004 4863-0030-0553.3

3

**NOTICE OF REMOVAL OF DEFENDANT DISH WIRELESS L.L.C.**

attacks, yet failed to take adequate protective measures to reasonably ensure the safety and security of their respective customers' accounts and users' online identities (*id.*, ¶ 5).

11. Based on the foregoing allegations, Plaintiff seeks a declaratory judgment that Defendant's consumer agreement is unenforceable, and asserts claims for relief for violations of: the Federal Communications Act, 47 U.S.C. §§ 206 and 222 (Unauthorized Disclosure of Customer Confidential Proprietary Information and Proprietary Network Information); California Civil Code §§ 1709 and 1710 (Deceit by Concealment); and Business & Professions Code § 17200 (Unfair Competition). *Id.*, ¶¶ 87-136, 188-195. Plaintiff also brings claims for Negligence, Negligent Training and Supervision, Breach of the Covenant of Good Faith and Fair Dealing, and Breach of Express Warranties. *Id.*, ¶¶ 137-187, 196-205.

12. In his prayer for relief, Plaintiff seeks, among other things, a judgment restoring Plaintiff equitable restitution including, without limitation, a restoration of the status quo ante, and return to Plaintiff of all cryptocurrency taken from him in connection with the SIM card swap, as well as compensatory damages, punitive damages, incidental damages, consequential damages, and attorney fees. *Id.*, Prayer for Relief ¶¶ 2-5.

## II. FEDERAL QUESTION JURISDICTION

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint alleges a claim arising under the FCA.

14. In addition, 28 U.S.C. § 1337 confers original jurisdiction on district courts in suits "arising under any Act of Congress regulating commerce[.]" The FCA is "fully recognized as an '(a)ct of Congress regulating commerce' within the meaning of Section 1337." *Network Project v. Corp. For Pub. Broad.*, 561 F.2d 963, 969 (D.C. Cir. 1977).

15. This Court has supplemental jurisdiction over all other claims asserted by Plaintiff pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

16. All of Plaintiff's claims arise from a single incident in which Plaintiff alleges his cryptocurrency was stolen as a result of DISH's and Coinbase's inadequate customer identity verification measures. **Exhibit A**, ¶¶ 1-2. Plaintiff's claims for damages against Defendant are predicated on his claim for declaratory relief. Plaintiff's claims therefore arise from the same

"common nucleus of operative fact" such that he "would ordinarily be expected to try [all of his claims] in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

17. Accordingly, this Court may and should exercise supplemental jurisdiction over all of Plaintiff's claims, which arise as part of the same "case or controversy." 28 U.S.C. § 1367(a).

### III. DIVERSITY JURISDICTION

18. District courts have original jurisdiction over all civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

19. Plaintiff admits that he is domiciled in Illinois. **Exhibit A**, ¶ 8. The citizenship of a natural person is determined by the state in which they are domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is therefore a citizen of Illinois.

20. At the time the action was filed, and at the time of the filing of this notice, Defendant was and is a limited liability company organized and existing under the laws of Colorado with its principal place of business in Littleton, Colorado. **Exhibit F,** ¶ 3. The citizenship of a limited liability company is determined based on the citizenship of its members. *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006). Defendant's sole member is DISH Wireless Holding LLC, a limited liability company organized and existing under the laws of Colorado with its principal place of business in Littleton, Colorado. *Id.,* ¶ 4. The sole member of DISH Wireless Holding LLC is DISH Network Corporation, a Nevada corporation with its principal place of business in Englewood, Colorado. *Id.,* ¶ 5. DISH Network Corporation is headquartered in Englewood and its officers are located there. *Id*. A corporation is a citizen of every state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is therefore a citizen of Nevada and Colorado.

21. Plaintiff admits that the amount in controversy exceeds $75,000. In the Complaint, he seeks compensatory and equitable relief restoring to him approximately $180,000 worth of allegedly lost cryptocurrency assets, as well as other damages, including punitive damages and attorney fees. **Exhibit A** ¶¶ 2, 7 & Prayer for Relief ¶¶ 2-6; *Rippee v. Boston Mkt. Corp.*, 408

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

F.Supp.2d 982, 984 (S.D. Cal. 2005) (calculation of amount in controversy takes into account claims for punitive damages and attorney fees if possibly recoverable as a matter of law). The Court "must assume that the allegations of the complaint are true, and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id*.

## CONCLUSION

Because this case is removable pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1337, further proceedings in the action in the Superior Court for San Francisco County, State of California, should be discontinued, and the action should be removed to the United States District Court for the Northern District of California.

## NOTICE TO INTERESTED PARTIES

There are no presently known interested parties to this action, other than the named parties.

DATED:  January 20, 2022    COBLENTZ PATCH DUFFY & BASS LLP

By: _____
CLIFFORD E. YIN
Attorneys for Defendant
DISH WIRELESS L.L.C., d/b/a BOOST MOBILE