Alex Farzan (SBN 312771)
**THE ROBIN HOOD LAWYERS, LLP**
10866 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Telephone: (424) 325-3112
Fax: (424) 325-6311
Email: Alex@Therobinhoodlawyers.com

Attorney for Plaintiff
PHILIP MICHNO

RICHARD R. PATCH (State Bar No. 88049)
CLIFFORD E. YIN (State Bar No. 173159)
MARGARET T. CARDASIS (State Bar No. 322167)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-rrp@cpdb.com
         ef-cey@cpdb.com
         ef-mtc@cpdb.com

Attorneys for Defendant
DISH WIRELESS L.L.C., d/b/a BOOST MOBILE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PHILIP MICHNO, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>DISH WIRELESS L.L.C., d/b/a BOOST MOBILE, COINBASE, INC., and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No. 3:22-cv-00396<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   May 26, 2022<br>Time:   10:00 a.m.<br>Dept:   11<br>Judge:  Hon. James Donato |

Plaintiff PHILIP MICHNO and Defendant DISH WIRELESS L.L.C., d/b/a BOOST MOBILE ("Boost"), submit the following joint case management conference statement pursuant to this Court's Standing Order, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and Civil Local Rule 16-9.

Defendant COINBASE, INC. has been dismissed from this action and is not included in this statement.

1. **JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction pursuant to both diversity jurisdiction and federal question jurisdiction.

There are no issues regarding personal jurisdiction.

Boost reserves its right to file a *forum non conveniens* motion, if appropriate.

The individual(s) named as DOES who hacked plaintiff's identity via SIM swapping have yet to be identified. If identified, which seems unlikely, Plaintiff would name them as a defendant to this action.

2. **FACTS**

Plaintiff's Summary

On or around May 25, 2021, Plaintiff instantly lost 3.17 Bitcoin, worth approximately $180,000 at the time of filing suit, that he owned and stored on a cryptocurrency exchange platform called Coinbase. In an incident of a rapidly emerging and foreseeable form of identity theft known as "SIM swapping" or "SIM hijacking," a rogue fraudster swapped Plaintiff's cellular phone number from BOOST to a different telecommunications carrier, T-Mobile, then gained access to Plaintiff's Coinbase account through the 2 factor-authentication process and withdrew 3.17 Bitcoin, all within a matter of hours. The individual perpetrating the fraud additionally gained access to Plaintiff's sensitive private information, such as Plaintiff's email address account and phone number, and thereby was able to steal Plaintiff's online identity in its entirety. Plaintiff alleges the rogue fraudster was able to carry out this attack due to a lack of proper verification measures taken by BOOST.

Boost's Summary

Boost had proper policies and procedures in place in May 2021 to protect the security of its customers' accounts, and Boost's records reflect that it followed those policies and procedures with respect to Plaintiff's account. Boost is not responsible for the alleged actions of a third party fraudster. Boost denies the material allegations of Plaintiff's Complaint and denies that Plaintiff is entitled to the relief he seeks. Boost filed a motion to compel arbitration on March 4, 2022, citing to the binding arbitration clause present in the consumer contract entered into by Plaintiff and Boost. The motion remains under submission.

### 3. LEGAL ISSUES

Whether Boost's terms of service are enforceable; particularly, its arbitration and damages limitations clauses.

### 4. MOTIONS

On March 4, 2022, Boost filed a motion to compel arbitration, which is currently pending. If the Court denies its motion to compel arbitration, Boost reserves its right to file a *forum non conveniens* motion, a motion for summary judgment, and any other motion that may be appropriate.

### 5. AMENDMENT OF PLEADINGS

At this time, Plaintiff does not anticipate any amendments of any pleadings. If the Court denies Boost's motion to compel arbitration, Boost requests that the Court set a deadline for amendment of the pleadings not more than 30 days after the Court's ruling on the motion to compel arbitration.

### 6. EVIDENCE PRESERVATION

Counsel for both parties have reviewed the guidelines relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## 7. DISCLOSURES

The parties have agreed that if Boost's motion to compel arbitration is denied, the parties will exchange initial disclosures two weeks after the Court issues its order.

## 8. DISCOVERY

No discovery has been conducted to date, as Boost's motion to compel arbitration is still pending. In the event Boost's motion is denied, the parties will meet and confer regarding a discovery plan and schedule two weeks after they exchange initial disclosures. In the event that the Court denies Boost's motion to compel arbitration in advance of the May 26, 2022 case management conference, the parties will endeavor to file an updated case management conference statement before the May 26, 2022 case management conference.

## 9. CLASS ACTIONS

N/A

## 10. RELATED CASES

N/A

## 11. RELIEF

Plaintiff seeks damages of approximately $180,000, the approximate fair market value of 3.17 Bitcoin at the time this action was filed. Given Bitcoin is a cryptocurrency which is inherently and constantly influx and particularly volatile, a dispute will likely exist as to what date/time should be used as a reference for calculating the value of plaintiff's stolen assets (e.g., the value of the assets at the time of the theft vs. some other point in time). Boost denies that Plaintiff is entitled to the damages he seeks.

## 12. SETTLEMENT AND ADR

Plaintiff has reached a confidential settlement agreement with Coinbase, Inc.

Boost believes it is premature to discuss resolution prior to the Court's ruling on Boost's motion to compel arbitration.

If the Court denies Boost's motion to compel arbitration, the parties will meet and confer and discuss ADR LR 3-5 at the same time they discuss a proposed discovery plan.

**13. <u>CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES</u>**

Boost did not consent to have a Magistrate Judge conduct all further proceedings including trial and entry of judgement. *See* Doc. No. 8.

**14. <u>OTHER REFERENCES</u>**

N/A

**15. <u>NARROWING OF ISSUES</u>**

The parties are unable to discuss narrowing issues by agreement or motion while Boost's motion to compel arbitration is pending.

**16. <u>EXPEDITED TRIAL PROCEDURE</u>**

The parties agree this case is not appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. <u>SCHEDULING</u>**

Boost believes it is premature to set dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial, as its motion to compel arbitration is still pending.

**18. <u>TRIAL</u>**

Plaintiff requests a jury trial and estimates the length of trial would be approximately 5 days. Boost believes it is premature to estimate the length of trial as its motion to compel arbitration is still pending.

**19. <u>DISCLOSURE OF NON-PARTY INTERESTED PARTIES OR PERSONS</u>**

Both parties have filed the Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16.

Plaintiff has no such interest to report other than the named parties. *See* Doc. 22.

DISH Wireless L.L.C. is a wholly owned subsidiary of DISH Wireless Holding LLC, which is a wholly owned subsidiary of DISH Network Corporation. DISH Network Corporation has no parent corporation and, based solely on a review of Form 13D and Form 13G filings with the Securities and Exchange Commission, no entity owns more than 10% of DISH Network Corporation's stock other than Dodge & Cox.

## 20. PROFESSIONAL CONDUCT

Counsel for both parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21. OTHER MATTERS

None.

Dated: May 19, 2022

Respectfully submitted,

THE ROBIN HOOD LAWYERS, LLP

By: */s/ Alex Farzan*
Alex Farzan
Attorney for Plaintiff
PHILIP MICHNO

Dated: May 19, 2022

Respectfully submitted,

COBLENTZ PATCH DUFFY & BASS LLP

By: */s/ Clifford E. Yin*
Clifford E. Yin
Attorneys for Defendant
DISH WIRELESS L.L.C., d/b/a BOOST MOBILE