UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILIP MICHNO,

    Plaintiff,

v.

DISH WIRELESS L.L.C., et al.,

    Defendants.

Case No. 22-cv-00396-JD

**ORDER SETTING BENCH TRIAL RE FORMATION OF ARBITRATION AGREEMENT**

Plaintiff Philip Michno alleges that defendant DISH Wireless (Boost) allowed a hacker to access his cellular phone services, which resulted in the theft of his identity and approximately $180,000 of cryptocurrency. Dkt. No. 1-1, Ex. A ¶¶ 1-7. Boost removed the case from state court on federal question and diversity jurisdiction grounds and has moved to compel arbitration. Dkt. Nos. 1, 15. Because the making of an agreement to arbitrate is in dispute, a bench trial is required.

The parties agree that the Federal Arbitration Act (FAA), 9 U.S.C. § 4, governs here. Dkt. No. 15 at v; Dkt. No. 17 at 9. The first inquiry under the FAA is "whether a valid agreement to arbitrate exists." *Norcia v. Samsung Telecomms. America, LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (quotations and citations omitted). The party seeking to compel arbitration bears the burden of proof on that issue, *id.*, and under the FAA, if the making of the arbitration agreement is in issue, then the Court is to "proceed summarily to the trial thereof." 9 U.S.C. § 4.

The parties disagree on just about everything else, starting with the choice of law for the contract formation question. Boost urges use of Illinois law under a choice of law provision in Boost's terms and conditions of service (the Agreement). Dkt No. 15 at 7; Dkt. No. 15-3. Michno says that California law applies because he never assented to the Agreement or its choice of law provision. Dkt. No. 17 at 7-8. The Court will resolve this question at the bench trial.

For the disputes of fact, the record indicates that Michno used Boost's wireless services after his Virgin Mobile USA account was transferred to Boost in February 2020. Dkt. No. 15 at 3; Dkt. No. 17 at 5. The crux of the parties' disagreement is whether Michno took affirmative action to enroll in Boost's AutoPay system, and if so, whether he expressly assented to the Agreement or had actual or constructive notice of the Agreement when he enrolled in AutoPay. Michno says the transfer of his account to Boost was automatic and did not require him to take any affirmative action other than changing his security PIN. Dkt. No. 17-1 ¶¶ 4-9. He does not recall enrolling in AutoPay or being provided with any terms or agreements on February 12, 2020. *Id.* Boost says that Michno accepted the Agreement, and enrolled in Boost's AutoPay program, among other actions. Dkt. No. 15-2; Dkt. No. 15-1; ¶¶ 7-8.

These are material factual disagreements that will need to be resolved through a bench trial. Consequently, pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, the Court sets a half-day bench trial on the issue of arbitration agreement formation for December 19, 2022, at 1:00 p.m. The Court anticipates that each side will present no more than three witnesses. The parties are directed to work together on a discovery plan for the bench trial issues. They are also directed to file by December 9, 2022, a joint list of witnesses and brief statements on what each side expects the evidence will show. All other discovery is stayed pending further order. The Court will resolve the motion to compel arbitration following the bench trial.

**IT IS SO ORDERED.**

Dated: August 26, 2022

JAMES DONATO
United States District Judge